## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GRANT BACHNER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 17-cv-08542 |
| v. | ) | |
| | ) | |
| DIVERSIFIED CONSULTANTS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## <u>COMPLAINT</u>

Plaintiff, Grant Bachner, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et seq*. ("ICAA"), and alleges:

### <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. §1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### <u>STANDING</u>

3.      Diversified sent Plaintiff a collection letter which attempted to collect an alleged debt Plaintiff did not owe in violation of the FDCPA.

4.      Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements. *E.g. Genova v. IC Systems, Inc*., No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.      Plaintiff has suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F.2d 1521, 2526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## **PARTIES**

6.      Plaintiff, Grant Bachner ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted AT&T Mobility account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the ICAA.

7.      Defendant, Diversified Consultants, Inc. ("Diversified"), is a Florida corporation that regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

8.      Diversified is authorized to conduct business in Illinois, and maintains a registered agent here, at Incorp Services, Inc., 901 S 2nd Street, Suite 201, Springfield, Illinois, 62704. (Exhibit A, Record from the Illinois Secretary of State).

2

9. Diversified acts as a debt collection agency in Illinois and regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a AT&T Mobility consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Diversified began collecting on the alleged debt.

12. Any collection activity by Diversified on the alleged debt occurred after default.

13. On or about October 9, 2017, Diversified communicated information regarding the alleged debt to the TransUnion consumer reporting agency.

14. Diversified communicated an account number, original creditor, and balance due. (Exhibit B, Plaintiff's TransUnion Report).

15. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

16. Diversified reported a balance due of $4,303.

17. Plaintiff has never had an account with AT&T that was not prepaid.

18. Thus, any amount owed or due to AT&T was paid by Plaintiff in advance of service.

19. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

20.     Diversified attempted to collect an alleged debt from Plaintiff which Plaintiff did not owe, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

21.     225 ILCS 425/9(a) of the ICAA prohibits the following:

> **. . . (24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . .**

22.     Diversified attempted to enforce a right or remedy with knowledge or reason to know that right does not exist, in violation of 225 ILCS 425/9(a)(24), when it attempted to collect $4,303 on an debt owed to AT&T which Plaintiff did not incur.

23.     Diversified's communications caused Plaintiff to experience negative emotions, including annoyance, aggravation, and other garden variety emotional distress.

24.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

25.     Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

26.     Diversified attempted to collect an alleged debt from Plaintiff which Plaintiff did not owe, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.   Actual damages pursuant to 15 U.S.C. § 1692d(a)(1);

B.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.   Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

27.   Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

28.   Diversified attempted to enforce a right or remedy with knowledge or reason to know that right does not exist, in violation of 225 ILCS 425/9(a)(24), when it attempted to collect $4,303 on an debt owed to AT&T which Plaintiff did not incur.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.   Compensatory and punitive damages;

B.   Costs; and

C.   Such other or further relief as the Court deems proper

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com